STEPHANIE M. HINDS (CABN 154284)
United States Attorney

MICHELLE LO (NYBN 4325163)
Chief, Civil Division

SHIWON CHOE (CABN 320041)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    shiwon.choe@usdoj.gov

Attorneys for Defendant U.S. Department of Education

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br>DAVID S. MOLINA,<br>    Debtor. | Case No. 21-51425<br>Adversary No. 22-05008<br>Chapter 7 |
| DAVID S. MOLINA,<br>    Plaintiff,<br>  v.<br>U.S. DEPARTMENT OF EDUCATION,<br>    Defendant. | **U.S. DEPARTMENT OF EDUCATION'S ANSWER TO AMENDED ADVERSARIAL COMPLAINT** |

Defendant U.S. Department of Education ("Defendant") hereby responds to the numbered paragraphs of the Amended Adversarial Complaint ("AC"), ECF No. 6, filed by Debtor and Plaintiff David S. Molina ("Plaintiff"). Defendant denies all allegations in the AC, including the relief sought, except where specifically admitted in this Answer. Defendant responds to the specifically enumerated paragraphs as follows.[1]

1. Defendant admits the allegations of this paragraph.

2. Defendant admits the allegations of this paragraph.

3. This paragraph constitutes Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff's AC does not name FedLoan Servicing as a defendant and names the U.S. Department of Education as a defendant and that the U.S. Department of Education is the note holder and issuer of consolidated student loans to Plaintiff.

4. Defendant admits the allegations of this paragraph.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, but responds that it does not challenge venue in this District.

6. Defendant denies the allegations of this paragraph, except that it admits that in 2015, Plaintiff entered into a federal student loan agreement with Defendant, and avers that as of February 28, 2022, there is a balance of $512,561.07 due and owing from Plaintiff to Defendant and that the current interest rate on the debt is 0% under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

7. The first sentence of this paragraph constitutes Plaintiff's characterization of "[t]he loans referenced in paragraph 5 above," but there are no loans referenced in the preceding paragraph 5 of the AC, and therefore Defendant denies the allegations of this paragraph, and avers that the loans referenced in paragraph 6 of this Answer are a non-dischargeable education debt. The second sentence of this paragraph constitutes Plaintiff's characterization of Plaintiff's bankruptcy petition and Schedule F

---

[1] The AC reuses paragraph numbers. Among other things, the AC has four paragraphs numbered paragraph 1. *See* AC 1, 7, 12, 14. Defendant responds to the paragraphs in the order they appear in the AC, using the numbering in the AC. Defendant's response with respect to any paragraph pertains only to that specific paragraph and not to any other paragraph that reuses the same number.

thereto, which speak for themselves and to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to Plaintiff's bankruptcy petition and Schedule F thereto for a full and accurate statement of their contents and denies Plaintiff's allegations to the extent that they are inconsistent. Defendant denies that notice of the filing of Plaintiff's petition was properly served on Defendant.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph and on that basis denies the allegations. The second sentence of this paragraph constitutes Plaintiff's characterization of Plaintiff's bankruptcy petition and Schedule F thereto, which speak for themselves and to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to Plaintiff's bankruptcy petition and Schedule F thereto for a full and accurate statement of their contents and denies Plaintiff's allegations to the extent that they are inconsistent. Defendant denies that notice of the filing of Plaintiff's petition was properly served on Defendant.

A. This paragraph constitutes Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of this paragraph, except that it admits that Plaintiff has filed the instant adversary proceeding against Defendant.

B. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

C. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations, except that it avers that Plaintiff has a non-dischargeable education debt of $512,561.07 as of February 28, 2022, owed to Defendant.

D. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

E. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

F. This paragraph constitutes Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations, except that it avers that Plaintiff has a non-dischargeable education debt of $512,561.07 as of February 28, 2022, owed to Defendant.

G. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations, except that it avers that Plaintiff has a non-dischargeable education debt of $512,561.07 as of February 28, 2022, owed to Defendant and that the current interest rate on the debt is 0% under the CARES Act.

H. Defendant denies the allegations of this paragraph, except that it admits that Plaintiff has requested deferments to his loan servicer, FedLoan Servicing (the Pennsylvania Higher Education Assistance Agency), and that his loan servicer has granted deferments and forbearances.

I. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

J. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

K. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations, except that it admits upon information and belief that Plaintiff is 53 years old.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of this paragraph and on that basis denies the allegations.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

1. This paragraph constitutes Plaintiff's legal conclusions, to which no response is required.

To the extent a response is deemed required, Defendant respectfully refers the Court to *Brunner v. N.Y. State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987), for a full and accurate statement of its contents and denies Plaintiff's allegations to the extent that they are inconsistent.

2. Defendant denies the allegations of this paragraph.

3. Defendant denies the allegations of this paragraph, except that it lacks knowledge or information sufficient to form a belief as to the truth of the second, third, fourth, and fifth sentences of this paragraph and on that basis denies the allegations.

4. The first sentence of this paragraph constitutes Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to *Brunner v. N.Y. State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987), for a full and accurate statement of its contents and denies Plaintiff's allegations to the extent that they are inconsistent. Defendant otherwise denies the allegations of this paragraph, except that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences of this paragraph and on that basis denies the allegations.

5. The first sentence of this paragraph constitutes Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to *Brunner v. N.Y. State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987), for a full and accurate statement of its contents and denies Plaintiff's allegations to the extent that they are inconsistent. Defendant otherwise denies the allegations of this paragraph, except that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third, fifth, and sixth sentences of this paragraph and on that basis denies the allegations, admits that Plaintiff has sought and obtained deferments and has sought to negotiate a payment plan, and avers that Plaintiff has been in the Income-Based Repayment plan throughout the life of his loan.

1. The first sentence of this paragraph constitutes Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to *Brunner v. N.Y. State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987), for a full and accurate statement of its contents and denies Plaintiff's allegations to the extent that they are inconsistent. This paragraph also constitutes Plaintiff's characterization of his tax returns and

bankruptcy filings, which speak for themselves and to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to Plaintiff's tax returns and bankruptcy filings for a full and accurate statement of their contents and denies Plaintiff's allegations to the extent that they are inconsistent. Defendant otherwise denies the allegations of this paragraph, except that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's spouse's average annual or monthly adjusted gross income or Plaintiff's job searches or job history and on that basis denies the allegations.

2. This paragraph constitutes Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to *Brunner v. N.Y. State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987), and *Educational Credit Management Corp. v. Jesperson*, 571 F.3d 775 (8th Cir. 2009), for a full and accurate statement of their contents and denies Plaintiff's allegations to the extent that they are inconsistent. Defendant otherwise denies the allegations of this paragraph.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies the allegations.

4. This paragraph constitutes Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

5. This paragraph constitutes Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to *Brunner v. N.Y. State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987), for a full and accurate statement of its contents and denies Plaintiff's allegations to the extent that they are inconsistent. Defendant otherwise denies the allegations of this paragraph.

6. This paragraph constitutes Plaintiff's characterization of his claims in this action, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

7. This paragraph constitutes Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

The remainder of Plaintiff's AC constitutes a prayer for relief, to which no response is required.

To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to relief.

Defendant denies each and every allegation not previously admitted or otherwise qualified.

Defendant reserves the right to amend its answer as warranted.

**DEFENSES**

1. The AC, in whole or in part, fails to state a claim upon which relief can be granted.

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this AC become known to it throughout the course of this litigation or as further legal analysis, investigation, or discovery may reveal.

WHEREFORE, Defendant respectfully prays for judgment as follows:

1. That Plaintiff's claims against Defendant be dismissed in their entirety;
2. That each and every prayer for relief contained in the Complaint be denied;
3. That judgment be entered in favor of Defendant;
4. That all costs be awarded to Defendant and against Plaintiff pursuant to applicable laws; and
5. For such other relief as the Court deems just and proper.

DATED: April 26, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*s/Shiwon Choe*
SHIWON CHOE
Assistant United States Attorney

Attorneys for Defendant U.S. Department of Education